

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) No. 11-cv-01230 |
| | ) |
| v. | ) Judge Guzman |
| | ) |
| NATIONAL SALES GROUP, | ) Magistrate Judge Gilbert |
| a California corporation, | ) |
| | ) |
| I LIFE MARKETING LLC, | ) |
| a California limited liability company, | ) |
| also d/b/a EXECUTIVE SALES NETWORK | ) |
| and CERTIFIED SALES JOBS, | ) |
| | ) |
| ANTHONY J. NEWTON, and | ) |
| | ) |
| JEREMY S. COOLEY, | ) |
| | ) |
| Defendants. | ) |

## STIPULATED PRELIMINARY INJUNCTION
## WITH ASSET FREEZE AND OTHER EQUITABLE RELIEF

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), filed a Complaint

for Permanent Injunction and Other Equitable Relief ("Complaint"), pursuant to Sections 13(b)

and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, the

Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15

U.S.C. §§ 6101-6108, and the FTC's Trade Regulation Rule entitled "Telemarketing Sales Rule"

(the "Rule" or "TSR"). The FTC also filed an *Ex Parte* Motion for Temporary Restraining

Order with Asset Freeze and Other Equitable Relief, which the Court granted on February 22,

2011.

The FTC and Defendants National Sales Group, I Life Marketing LLC, also d/b/a Executive Sales Network and Certified Sales Jobs, Anthony J. Newton, and Jeremy S. Cooley ("Defendants"), having been represented by counsel and acting by and through such counsel, have consented to entry of this Stipulated Preliminary Injunction.

NOW THEREFORE, the FTC and Defendants having requested that the Court enter this Stipulated Preliminary Injunction, and the Court having considered the Stipulated Preliminary Injunction and for other cause appearing, it is ORDERED, ADJUDGED, AND DECREED as follows:

### FINDINGS

1.      This Court has jurisdiction over the subject matter of this case, and over the Defendants; and the Defendants have been properly served with process;

2.      Venue lies properly with this Court;

3.      There is good cause to believe that the Defendants have engaged in, and are likely to engage in the future in, acts and practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), as well as various provisions of the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, and that the Commission is therefore likely to prevail on the merits of this action;

4.      There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers in the form of monetary restitution will occur from the sale, transfer, or other disposition or concealment by Defendants of their assets or corporate records unless Defendants are immediately restrained and enjoined by Order of this Court;

5.     Weighing the equities and considering the Commission's likelihood of ultimate success, a preliminary injunction with asset freeze and other equitable relief is in the public interest; and

6.     No security is required of any agency of the United States for issuance of a temporary restraining order. Fed. R. Civ. P. 65(c).

## DEFINITIONS

For purposes of this Stipulated Preliminary Injunction ("Order"), the following definitions shall apply:

1.     **"Asset"** or **"Assets"** means any legal or equitable interest in, right to, or claim to, any real or personal property, including, but not limited to, "goods," "instruments," "equipment," "fixtures," "general intangibles," "inventory," "checks," or "notes" (as these terms are defined in the Uniform Commercial Code), lines of credit, chattels, leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and all cash, wherever located.

2.     **"Assisting Others"** includes, but is not limited to: (1) performing customer service functions, including, but not limited to, receiving or responding to consumer complaints; (2) formulating or providing, or arranging for the formulation or provision of, any sales script or other marketing material; (3) providing names of, or assisting in the generation of, potential customers; (4) performing or providing marketing or billing services of any kind; (5) acting as an officer or director of a business entity; or (6) providing telemarketing services.

3.     **"Individual Defendants"** means Anthony J. Newton and Jeremy S. Cooley, and by whatever other names each may be known.

4. **"Corporate Defendants"** or **"Receivership Defendants"** means National Sales Group and I Life Marketing LLC d/b/a Executive Sales Network and Certified Sales Jobs, and their successors and assigns, as well as any subsidiaries, and any fictitious business entities or business names created or used by these entities, or any of them.

5. **"Defendants"** means all of the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination.

6. **"Document"** or **"Documents"** means any materials listed in Federal Rule of Civil Procedure 34(a) and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, into reasonably usable form through detection devices. A draft or nonidentical copy is a separate document within the meaning of the term.

7. **"Financial Institution"** means any bank, savings and loan institution, credit union, or any financial depository of any kind, including, but not limited to, any brokerage house, trustee, broker-dealer, escrow agent, title company, commodity trading company, or precious metal dealer.

8. **"Material"** means likely to affect a person's choice of, or conduct regarding, goods or services.

9. **"Person"** means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

10. **"Plaintiff"** means the Federal Trade Commission ("Commission" or "FTC").

11. **"Telemarketer"** means any person who, in connection with telemarketing, initiates or receives telephone calls to or from a customer or donor. 16 C.F.R. § 310.2(cc).

4

12.     "**Telemarketing**" means a plan, program, or campaign (whether or not covered by the Telemarketing Sales Rule, 16 C.F.R. Part 310) which is conducted to induce the purchase of goods or services or a charitable contribution by use of one or more telephones.

## I.

## PROHIBITED BUSINESS ACTIVITIES

**IT IS THEREFORE ORDERED** that Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, in connection with the telemarketing, marketing, advertising, promotion, offering for sale, or sale of any product or service, are hereby restrained and enjoined from:

A.     Misrepresenting, or assisting others in misrepresenting, directly or indirectly, expressly or by implication, any material fact, including, but not limited to:

1.     that Defendants are themselves hiring consumers to perform work, are hiring on behalf of others, or are recruiters affiliated with others who are hiring;

2.     that one or more jobs are currently available through Defendants in consumers' local areas; and

3.     that paying a fee to Defendants for access to jobs makes consumers likely to earn substantial income.

B.     Charging, causing to be charged, or assisting others in charging any consumer's credit card, or debiting, causing to be debited, or assisting others in debiting any consumer's bank account without the consumer's express informed consent for such charge or debit.

C.    Violating, or assisting others in violating, any provision of the Telemarketing Sales Rule, 16 C.F.R. Part 310, including, but not limited to:

1.    Sections 310.3(a)(2)(iii), 310.3(a)(2)(vii), or 310.3(a)(4) of the TSR, 16 C.F.R. §§ 310.3(a)(2)(iii), 310.3(a)(2)(vii), or 310.3(a)(4), by misrepresenting, directly or by implication, that:

    a.    Defendants are themselves hiring consumers to perform work, are hiring on behalf of others, or are recruiters affiliated with others who are hiring;

    b.    one or more jobs are currently available through Defendants in consumers' local areas; and

    c.    paying a fee to Defendants for access to jobs makes consumers likely to earn substantial income;

2.    Section 310.4(d)(1), (2) and (3) of the TSR, 16 C.F.R. § 310.4(d)(1), (2) and (3), by failing to disclose truthfully, promptly and in a clear and conspicuous manner the identity of the seller, that the purpose of the call is to sell goods or services, and the nature of the goods or services; and

3.    Section 310.4(a)(7) of the TSR, 16 C.F.R. § 310.4(a)(7), by causing billing information to be submitted for payment without the express informed consent of the consumer.

## II.

## ASSET FREEZE

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, except as provided herein, as stipulated by the parties, or as directed by further order of the Court, are hereby restrained and enjoined from:

A.    Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any funds, real or personal property, accounts, contracts, shares of stock, lists of consumer names, or other assets, or any interest therein, wherever located, including outside the territorial United States, that are:

1.    Owned, controlled, or held by, in whole or in part, for the benefit of, or subject to access by, or belonging to, any Defendant;

2.    In the actual or constructive possession of any Defendant; or

3.    In the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, or belonging to, any other corporation, partnership, trust, or any other entity directly or indirectly owned, managed, or controlled by, or under common control with, any Defendant, including, but not limited to, any assets held by or for any Defendant in any account at any bank or savings and loan institution, or with any credit card processing agent, automated clearing house processor, network transaction processor, bank debit processing agent, customer service agent, commercial mail receiving agency, or mail holding or forwarding

7

company, or any credit union, retirement fund custodian, money market or mutual fund, storage

company, trustee, or with any broker-dealer, escrow agent, title company, commodity trading

company, precious metal dealer, or other financial institution or depository of any kind, either

within or outside the territorial United States;

B.     Opening or causing to be opened any safe deposit boxes, commercial mail boxes,

or storage facilities titled in the name of any Defendant, or subject to access by any Defendant or

under any Defendant's control, without providing the Commission prior notice and an

opportunity to inspect the contents in order to determine that they contain no assets covered by

this Section;

C.     Cashing any checks or depositing any payments from customers or clients of

Defendants;

D.     Incurring charges or cash advances on any credit card issued in the name, singly

or jointly, of any Defendant; or

E.     Incurring liens or encumbrances on real property, personal property, or other

assets in the name, singly or jointly, of any Defendant or of any corporation, partnership, or

other entity directly or indirectly owned, managed, or controlled by any Defendant.

Notwithstanding the asset freeze provisions of Section II.A-E above, and subject to prior

written agreement with the Commission, Individual Defendants may, upon compliance with

Section IV (Financial Statements), *infra*, pay from their individual personal funds reasonable,

usual, ordinary, and necessary living expenses.

The funds, property, and assets affected by this Section shall include both existing assets

and assets acquired after the effective date of this Order.

## III.

## DUTIES OF THIRD PARTIES HOLDING DEFENDANTS' ASSETS

**IT IS FURTHER ORDERED** that any financial institution, business entity, or person maintaining or having custody or control of any account or other asset of any Defendant, or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by, or under common control with any Defendant, which is served with a copy of this Order, or otherwise has actual or constructive knowledge of this Order, shall:

A.      Hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, hypothecation, encumbrance, disbursement, dissipation, conversion, sale, liquidation, or other disposal of any of the assets, funds, documents, or other property held by, or under its control:

1.      On behalf of, or for the benefit of, any Defendant or any other party subject to Section II above;

2.      In any account maintained in the name of, or for the benefit of, or subject to withdrawal by, any Defendant or other party subject to Section II above; and

3.      That are subject to access or use by, or under the signatory power of, any Defendant or other party subject to Section II above;

B.      Deny Defendants access to any safe deposit boxes or storage facilities that are either:

1.      Titled in the name, individually or jointly, of any Defendant, or other party subject to Section II above; or

2.      Subject to access by any Defendant or other party subject to Section II above;

9

C.     Provide the Commission, within five (5) days of the date of service of this Order, a sworn statement setting forth:

1.     The identification number of each account or asset titled in the name, individually or jointly, of any Defendant, or held on behalf of, or for the benefit of, any Defendant or other party subject to Section II above, including all trust accounts managed on behalf of any Defendant or subject to any Defendant's control;

2.     The balance of each such account, or a description of the nature and value of such asset;

3.     The identification and location of any safe deposit box, commercial mail box, or storage facility that is either titled in the name, individually or jointly, of any Defendant, or is otherwise subject to access or control by any Defendant or other party subject to Section II above, whether in whole or in part; and

4.     If the account, safe deposit box, storage facility, or other asset has been closed or removed, the date closed or removed and the balance on said date;

D.     Allow representatives of Plaintiff immediate access to inspect and copy, or upon Plaintiff's request, within five (5) business days of said request, provide the Commission with copies of all records or other documentation pertaining to each such account or asset, including, but not limited to, originals or copies of account applications, account statements, corporate resolutions, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs; and

E.     This Section shall apply to existing accounts and assets, assets deposited or accounts opened after the effective date of this Order, and any accounts or assets maintained,

10

held or controlled two years prior to the effective date of this Order.  This Section shall not prohibit transfers in accordance with any provision of this Order, any further order of the Court, or by written agreement of the parties.

## IV.

## FINANCIAL STATEMENTS

**IT IS FURTHER ORDERED** that, if they have not done so already in compliance with the temporary restraining order previously issued in this matter, each Defendant shall serve upon counsel for the Commission, no later than five (5) business days after entry of this Order, a completed financial statement accurate as of the date of entry of this Order, on the forms served on Defendants with the *Ex Parte* Temporary Restraining Order with Asset Freeze and Other Equitable Relief ("TRO"), signed under penalty of perjury.

The financial statements shall include assets held outside the territory of the United States, shall be accurate as of the date of the entry of this Order, and shall be verified under oath. Defendants shall attach to these completed financial statements copies of all local, state, provincial, and federal income and property tax returns, with attachments and schedules, as called for by the instructions to the financial statements.

## V.

## MAINTAIN RECORDS AND REPORT NEW BUSINESS ACTIVITY

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, are hereby restrained and enjoined from:

A.    Failing to create and maintain books, records, accounts, bank statements, current accountants' reports, general ledgers, general journals, cash receipt ledgers, cash disbursement ledgers and source documents, documents indicating title to real or personal property, and any other data which, in reasonable detail, accurately, fairly and completely reflect the incomes, disbursements, transactions, dispositions, and uses of the Defendants' assets;

B.    Destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any documents, including electronically-stored materials, that relate in any way to the business practices or business or personal finances of any Defendant; to the business practices or finances of entities directly or indirectly under the control of any Defendant; or to the business practices or finances of entities directly or indirectly under common control with any other Defendant; and

C.    Creating, operating, or exercising any control over any new business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing Plaintiff with a written statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

# VI.

## PROHIBITION ON DISCLOSING CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from:

A.     Selling, renting, leasing, transferring, or otherwise disclosing the name, address, birth date, telephone number, email address, Social Security number, Social Insurance number, credit card number, bank account number, or other financial or identifying personal information of any person from whom or about whom any Defendant obtained such information in connection with activities alleged in the FTC's Complaint; and

B.     Benefitting from or using the name, address, birth date, telephone number, email address, Social Security number, Social Insurance number, credit card number, bank account number, or other financial or identifying personal information of any person from whom or about whom any Defendant obtained such information in connection with activities alleged in the FTC's Complaint.

Provided, however, that Defendants may disclose such financial or identifying personal information to a law enforcement agency or as required by any law, regulation, or court order.

## VII.

## <u>PERMANENT RECEIVER</u>

### A. APPOINTMENT OF PERMANENT RECEIVER

**IT IS FURTHER ORDERED** that Thomas W. McNamara is appointed Permanent

Equity Receiver ("Receiver") for Receivership Defendants and any of their affiliates,

subsidiaries, divisions, or telephone sales or customer service operations, wherever located, with

the full power of an equity receiver. The Receiver shall be the agent of this Court, and solely the

agent of this Court, in acting as Receiver under this Order. The Receiver shall be accountable

directly to this Court. The Receiver shall comply with all Local Rules of this Court governing

receivers.

### B. RECEIVERSHIP DUTIES

**IT IS FURTHER ORDERED** that the Receiver is directed and authorized to

accomplish the following:

1. Assume full control of the Receivership Defendants by removing, as the

Receiver deems necessary or advisable, any director, officer, employee, independent contractor,

or agent of the Receivership Defendants, including any Individual Defendant, from control of,

management of, or participation in, the affairs of the Receivership Defendants;

2. Take exclusive custody, control, and possession of all assets and

documents of, or in the possession, custody, or under the control of, the Receivership

Defendants, wherever situated. The Receiver shall have full power to divert mail and to sue for,

collect, receive, take in possession, hold, and manage all assets and documents of the

Receivership Defendants and other persons or entities whose interests are now held by or under

the direction, possession, custody, or control of the Receivership Defendants. Provided,

14

however, that the Receiver shall not attempt to collect any amount from a consumer or to allow

any Receivership Defendant to continue to debit or otherwise charge a consumer's account, if

the Receiver believes the consumer was a victim of the unfair or deceptive acts or practices

alleged in the Complaint in this matter;

3.      Use any means necessary to take possession of and to secure all areas of

the business premises of the Receivership Defendants.  Such steps may include, but are not

limited to, the following as the Receiver deems necessary or advisable:  (a) serving this Order;

(b) completing a written inventory of all receivership assets; (c) obtaining pertinent information

from all employees and other agents of the Receivership Defendants, including, but not limited

to, the name, home address, Social Security number, job description, method of compensation,

and all accrued and unpaid commissions and compensation of each such employee or agent; (d)

videotaping all portions of the locations; (e) securing the locations by changing the locks and

disconnecting any computer modems or other means of access to the computer or other records

maintained at the locations; (f) requiring any persons present on the premises at the time this

Order is served to leave the premises, to provide the Receiver with proof of identification, or to

demonstrate to the satisfaction of the Receiver that such persons are not removing from the

premises documents or assets of the Receivership Defendants; and/or (g) employ the assistance

of law enforcement officers as the Receiver deems necessary to implement the provisions of this

Order;

4.      Conserve, hold, and manage all receivership assets, and perform all acts

necessary or advisable to preserve the value of those assets, in order to prevent any irreparable

loss, damage, or injury to consumers or to creditors of the Receivership Defendants, including,

but not limited to, obtaining an accounting of the assets and preventing transfer, withdrawal, or

misapplication of assets, and including the authority to liquidate or close out any open securities

or commodity futures positions of the Receivership Defendants;

      5.    Enter into contracts and purchase insurance as advisable or necessary;

      6.    Prevent the inequitable distribution of assets and determine, adjust, and

protect the interests of consumers and creditors who have transacted business with the

Receivership Defendants;

      7.    Manage and administer the business of the Receivership Defendants until

further order of this Court by performing all incidental acts that the Receiver deems to be

advisable or necessary, which includes retaining, hiring, or dismissing any employees,

independent contractors, or agents;

      8.    Choose, engage, and employ attorneys, accountants, appraisers, and other

independent contractors and technical specialists, as the Receiver deems advisable or necessary

in the performance of duties and responsibilities under the authority granted by this Order;

      9.    Make payments and disbursements from the receivership estate that are

necessary or advisable for carrying out the directions of, or exercising the authority granted by,

this Order. The Receiver shall apply to the Court for prior approval of any payment of any debt

or obligation incurred by the Receivership Defendants prior to the date of entry of this Order,

except payments that the Receiver deems necessary or advisable to secure assets of the

Receivership Defendants, such as rental payments;

      10.    Determine and implement the manner in which the Receivership

Defendants will comply with, and prevent violations of, this Order and all other applicable laws;

      11.    Institute, compromise, adjust, appear in, intervene in, or become party to

such actions or proceedings in state, federal or foreign courts that the Receiver deems necessary

and advisable to preserve or recover the assets of the Receivership Defendants or that the

Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

      12.    Defend, compromise, adjust, or otherwise dispose of any or all actions or

proceedings instituted in the past or in the future against the Receiver in his role as Receiver, or

against the Receivership Defendants that the Receiver deems necessary and advisable to

preserve the assets of the Receivership Defendants or that the Receiver deems necessary and

advisable to carry out the Receiver's mandate under this Order;

      13.    Continue and conduct the business of the Receivership Defendants in such

manner, to such extent, and for such duration as the Receiver may in good faith deem to be

necessary or appropriate to operate the business profitably and lawfully, if at all; provided,

however, that the continuation and conduct of the business shall be conditioned upon the

Receiver's good faith determination that the business can be lawfully operated at a profit using

the assets of the receivership estate;

      14.    Issue subpoenas to obtain documents and records pertaining to the

receivership, and conduct discovery in this action on behalf of the receivership estate;

      15.    Open one or more bank accounts as designated depositories for funds of

the Receivership Defendants. The Receiver shall deposit all funds of the Receivership

Defendants in such a designated account and shall make all payments and disbursements from

the receivership estate from such an account;

      16.    Maintain accurate records of all receipts and expenditures that he or she

makes as Receiver;

      17.    Cooperate with reasonable requests for information or assistance from any

state or federal law enforcement agency; and

18.     File reports with the Court on a timely and reasonable basis.

## C.     COOPERATION WITH THE RECEIVER

**IT IS FURTHER ORDERED** that:

1.      Defendants and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, shall fully cooperate with and assist the Receiver. This cooperation and assistance shall include, but not be limited to:

a.      Providing any information to the Receiver that the Receiver deems necessary to exercising the authority and discharging the responsibilities of the Receiver under this Order;

b.      Providing any password required to access any computer, electronic file, or telephonic data in any medium; or

c.      Advising all persons who owe money to the Receivership Defendants that all debts should be paid directly to the Receiver.

2.      Defendants and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, are hereby restrained and enjoined from directly or indirectly:

a.      Transacting any of the business of the Receivership Defendants;

b.      Destroying, secreting, defacing, transferring, or otherwise altering or disposing of any documents of the Receivership Defendants, including, but not

limited to, books, records, accounts, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations, electronically-stored records, or any other records of any kind or nature;

       c.      Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Defendants, or the Receiver;

       d.      Excusing debts owed to the Receivership Defendants;

       e.      Failing to notify the Receiver of any asset, including accounts, of the Receivership Defendants held in any name other than the name of the Receivership Defendants, or by any person or entity other than the Receivership Defendants, or failing to provide any assistance or information requested by the Receiver in connection with obtaining possession, custody, or control of such assets;

       f.      Doing any act or refraining from any act whatsoever to interfere with the Receiver's taking custody, control, possession, or managing of the assets or documents subject to this receivership; or to harass or interfere with the Receiver in any way; or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Receivership Defendants; or to refuse to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any Order of this Court; or

g.  Filing, or causing to be filed, any petition on behalf of any of the

Receivership Defendants for relief under the United States Bankruptcy Code, 11

U.S.C. § 101 *et seq.*, without prior permission from this Court.

**D.  DELIVERY OF RECEIVERSHIP PROPERTY**

**IT IS FURTHER ORDERED** that:

1.  Immediately upon service of this Order upon them, or within such period

as may be permitted by the Receiver, Defendants or any other person or entity shall transfer or

deliver possession, custody, and control of the following to the Receiver:

a.  All assets of the Receivership Defendants, including assets subject

to repatriation pursuant to Section IX, *infra*;

b.  All documents of the Receivership Defendants, including, but not

limited to, books and records of accounts, all financial and accounting records,

balance sheets, income statements, bank records (including monthly statements,

canceled checks, records of wire transfers, and check registers), client lists, title

documents and other papers;

c.  All assets belonging to members of the public now held by the

Receivership Defendants; and

d.  All keys, codes, and passwords necessary to gain or to secure

access to any assets or documents of the Receivership Defendants, including, but

not limited to, access to their business premises, means of communication,

accounts, computer systems, mail boxes, or other property.  This includes

providing the necessary means to gain access to at least the following commercial

mail boxes:

(1)     The UPS Store, 27 West Anapamu Street, PMB #369,

Santa Barbara, California 93101; and

(2)     Virtual Post Mail, 340 South Lemon Street, PMB #7003

and PMB #64004, Los Angeles, California 91789.

2.     In the event any person or entity fails to deliver or transfer any

receivership asset or document or otherwise fails to comply with any provision of this Section,

the Receiver may file *ex parte* an Affidavit of Non-Compliance regarding the failure. Upon

filing of the affidavit, the Court may authorize, without additional process or demand, Writs of

Possession or Sequestration or other equitable writs requested by the Receiver. The writs shall

authorize and direct the United States Marshal or any sheriff or deputy sheriff of any county, or

any other federal or state law enforcement officer, to seize the asset, document, or other thing

and to deliver it to the Receiver.

### E.     TRANSFER OF FUNDS TO THE RECEIVER

**IT IS FURTHER ORDERED** that, upon service of a copy of this Order, all financial

institutions, finance companies, commercial lending companies, credit card processing agents or

agents providing electronic funds transfer services or automated clearing house processing,

brokerage houses, escrow agents, money market or mutual funds, title companies, commodity

futures merchants, commodity trading companies, precious metal dealers, trustees, or other

financial institutions or depositories of any kind, shall cooperate with all reasonable requests of

the Receiver relating to implementation of this Order, including transferring funds at his or her

direction and producing records related to the assets of the Receivership Defendants.

**F.     STAY OF ACTIONS**

**IT IS FURTHER ORDERED** that:

1.      Except by leave of this Court, during pendency of the receivership ordered herein, Defendants and all other persons and entities be and hereby are stayed from taking any action to establish or enforce any claim, right, or interest for, against, on behalf of, in, or in the name of, the Receivership Defendants, any of their subsidiaries, affiliates, partnerships, assets, documents, or the Receiver or the Receiver's duly authorized agents acting in their capacities as such, including, but not limited to, the following actions:

a.      Commencing, prosecuting, continuing, entering, or enforcing any suit or proceeding, except that such actions may be filed to toll any applicable statute of limitations;

b.      Accelerating the due date of any obligation or claimed obligation; filing, perfecting or enforcing any lien; taking or attempting to take possession, custody, or control of any asset; attempting to foreclose, forfeit, alter, or terminate any interest in any asset, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise, or setoff of any debt owing to the Receivership Defendants that arose before the date of this Order against any claim against the Receivership Defendants;

c.      Executing, issuing, serving, or causing the execution, issuance or service of, any legal process, including, but not limited to, attachments, garnishments, subpoenas, writs of replevin, writs of execution, or any other form of process whether specified in this Order or not; or

d.    Doing any act or thing whatsoever to interfere with the Receiver taking custody, control, possession, or management of the assets or documents subject to this receivership, or to harass or interfere with the Receiver in any way, or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Receivership Defendants.

2.    This Order does not stay:

a.    The commencement or continuation of a criminal action or proceeding;

b.    The commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or

c.    The enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

3.    Except as otherwise provided in this Order, all persons and entities in need of documentation from the Receiver shall in all instances first attempt to secure such information by submitting a formal written request to the Receiver, and, if such request has not been responded to within thirty (30) days of receipt by the Receiver, any such person or entity may thereafter seek an Order of this Court with regard to the relief requested.

## G.    COMPENSATION OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver as herein authorized, including counsel to the Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of

actual out-of-pocket expenses incurred by them, from the assets now held by, or in the possession or control of, or which may be received by the Receivership Defendants. The Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty (60) days after the date of this Order. The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

**H.    RECEIVER'S BOND**

**IT IS FURTHER ORDERED** that the Receiver, unless he has done so already pursuant to the TRO previously issued in this matter, shall file with the Clerk of this Court a bond in the sum of $50,000.00 with sureties to be approved by the Court, conditioned that the Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs.

**VIII.**

**ACCESS TO BUSINESS PREMISES**

**IT IS FURTHER ORDERED** that Defendants, and their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any trust, corporation, subsidiary, division, or other device, or any of them, and the Receiver, shall allow the Commission's representatives, agents, and assistants, as well as the Receivership Defendants' representatives, and the Individual Defendants themselves, reasonable access to all of Receivership Defendants' business premises, or any other premises where the Receivership Defendants conduct business or telephone sales or customer service

operations, or maintain documents or records. Such locations include, but are not limited to, 114 East Haley Street, Santa Barbara, California 93101.

The purpose of this access shall be to inspect and copy any and all books, records, documents, accounts, and other property owned by, or in the possession of, the Receivership Defendants or their agents. The Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access. The Commission may remove materials from the Receivership Defendants' business premises to inspect, inventory, and copy such materials. The Commission shall return materials so removed within five (5) business days of completing said inventory and copying.

## IX.

## REPATRIATION OF ASSETS AND DOCUMENTS LOCATED IN FOREIGN COUNTRIES

**IT IS FURTHER ORDERED** that Defendants shall:

A.       Within three (3) business days following entry of this Order, take such steps as are necessary to repatriate to the territory of the United States of America all documents and assets that are located outside such territory and are held by or for Defendants or are under Defendants' direct or indirect control, jointly, severally, or individually;

B.       Within three (3) business days following entry of this Order, provide Plaintiff with a full accounting of all documents and assets that are located outside of the territory of the United States of America or that have been transferred to the territory of the United States of America pursuant to Subsection A above and are held by or for any Defendant or are under any Defendant's direct or indirect control, jointly, severally, or individually, including the addresses

and names of any foreign or domestic financial institution or other entity holding the documents

and assets, along with the account numbers and balances;

C.     Hold and retain all such documents and assets and prevent any transfer,

disposition, or dissipation whatsoever of any such documents or assets; and

D.     Within three (3) business days following entry of this Order, provide Plaintiff

access to Defendants' records and documents held by financial institutions or other entities

outside the territorial United States, by signing and delivering to Plaintiff's counsel the Consent

to Release of Financial Information attached to the TRO as **Attachment C**, if they have not done

so already in compliance with the TRO.

## X.

## INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Defendants are hereby restrained and enjoined from

taking any action, directly or indirectly, which may result in the encumbrance or dissipation of

foreign assets, or in the hindrance of the repatriation required by the preceding Section IX of this

Order, including, but not limited to:

A.     Sending any statement, letter, facsimile, e-mail or wire transmission, or

telephoning or engaging in any other act, directly or indirectly, that results in a determination by

a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign

trust agreement, until such time that assets have been fully repatriated pursuant to the preceding

Section of this Order; and

B.     Notifying any trustee, protector or other agent of any foreign trust or other related

entities of either the existence of this Order, or of the fact that repatriation is required pursuant to

a Court Order, until such time as assets have been fully repatriated pursuant to the preceding

Section of this Order.

## XI.

## EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that pursuant to Federal Rules of Civil Procedure 30(a),

31(a), 34, and 45, and notwithstanding the provisions of Federal Rules of Civil Procedure 26(d)

and (f), 30(a)(2)(A), and 31(a)(2)(A), Plaintiff is granted leave, at any time after entry of this

Order to:

A.     Take the deposition of any person, whether or not a party, for the purpose of

discovering the nature, location, status, and extent of the assets of Defendants, and Defendants'

affiliates and subsidiaries; the nature and location of documents reflecting the business

transactions of Defendants, and Defendants' affiliates and subsidiaries; the location of any

premises where Defendants, directly or through any third party, conduct business operations; the

Defendants' whereabouts; and/or the applicability of any evidentiary privileges to this action;

and

B.     Demand the production of documents from any person, whether or not a party,

relating to the nature, status, and extent of the assets of Defendants, and Defendants' affiliates

and subsidiaries; the nature and location of documents reflecting the business transactions of

Defendants, and Defendants' affiliates and subsidiaries; the location of any premises where

Defendants, directly or through any third party, conduct business operations; the Defendants'

whereabouts; and/or the applicability of any evidentiary privileges to this action.

Three (3) days notice shall be deemed sufficient for any such deposition, five (5) days

notice shall be deemed sufficient for the production of any such documents, and twenty-four (24)

hours notice shall be deemed sufficient for the production of any such documents that are maintained or stored only as electronic data. The provisions of this Section shall apply both to parties to this case and to non-parties. The limitations and conditions set forth in Federal Rules of Civil Procedure 30(a)(2)(A)(ii) and 31(a)(2)(A)(ii) regarding subsequent depositions of an individual shall not apply to depositions taken pursuant to this Section. Any such depositions taken pursuant to this Section shall not be counted toward any limit on the number of depositions under the Federal Rules of Civil Procedure or the Local Rules of Civil Procedure for the United States District Court for the Northern District of Illinois, including those set forth in Federal Rules of Civil Procedure 30(a)(2)(A) and 31(a)(2)(A). Service of discovery upon a party, taken pursuant to this Section, shall be sufficient if made through the means described in Section XVII of this Order.

## XII.

## DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each of their corporations, subsidiaries, affiliates, divisions, directors, officers, agents, partners, successors, assigns, employees, attorneys, agents, representatives, sales entities, sales persons, telemarketers, independent contractors, and any other persons in active concert or participation with them. Within five (5) calendar days following entry of this Order, each Defendant shall file with this Court and serve on Plaintiff, an affidavit identifying the names, titles, addresses, and telephone numbers of the persons that Defendants have served with a copy of this Order in compliance with this provision.

## XIII.

### SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be distributed by U.S. First Class Mail, overnight delivery, facsimile, electronic mail, or personally, by agents or employees of Plaintiff, by agents or employees of the Receiver, by any law enforcement agency, or by private process server, upon any person, financial institution, or other entity that may have possession or control of any property, property right, document, or asset of any Defendant, or that may be subject to any provision of this Order.  Service upon any branch or office of any financial institution or entity shall effect service upon the entire financial institution or entity.

## XIV.

### CONSUMER REPORTING AGENCIES

**IT IS FURTHER ORDERED** that, pursuant to Section 604 of the Fair Credit Reporting Act, 15 U.S.C. § 1681b, any consumer reporting agency may furnish a consumer or credit report concerning any Defendant to Plaintiff.

## XV.

### CORRESPONDENCE WITH AND NOTICE TO PLAINTIFF

**IT IS FURTHER ORDERED** that for purposes of this Order, all correspondence and pleadings to the Commission shall be addressed to:

> Guy G. Ward
> Federal Trade Commission
> 55 West Monroe Street, Suite 1825
> Chicago, Illinois 60603
> (312) 960-5634 [Telephone]
> (312) 960-5600 [Facsimile]

## XVI.

## JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for

all purposes.

**SO STIPULATED:**

_(signature)_

Guy G. Ward
Federal Trade Commission
55 W. Monroe Street, Suite 1825
Chicago, Illinois 60603
Phone: (312) 960-5612
Fax: (312) 960-5600
Email: gward@ftc.gov
Attorney for Plaintiff
Federal Trade Commission

_(signature)_

William I. Rothbard
Law Offices of William I. Rothbard
1217 Yale Street, Suite 104
Santa Monica, California 90404
Phone: (310) 453-8713
Fax: (310) 453-8715
Email: Bill@FTCadlaw.com
Attorney for Defendants
National Sales Group, I Life Marketing
LLC, also d/b/a Executive Sales Network
and Certified Sales Jobs, Anthony J.
Newton, and Jeremy S. Cooley

_(signature)_

Defendant National Sales Group
by Anthony J. Newton, President

_(signature)_

Defendant I Life Marketing LLC
by Anthony J. Newton, Manager

_(signature)_

Defendant Anthony J. Newton

_____
Defendant Jeremy S. Cooley

**SO ORDERED,** this _____ day of _____, 2011.

_____
United States District Judge
Northern District of Illinois

## XVI.

### JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for

all purposes.

**SO STIPULATED:**

Guy G. Ward
Federal Trade Commission
55 W. Monroe Street, Suite 1825
Chicago, Illinois 60603
Phone: (312) 960-5612
Fax: (312) 960-5600
Email: gward@ftc.gov
Attorney for Plaintiff
Federal Trade Commission

William I. Rothbard
Law Offices of William I. Rothbard
1217 Yale Street, Suite 104
Santa Monica, California 90404
Phone: (310) 453-8713
Fax: (310) 453-8715
Email: Bill@FTCadlaw.com
Attorney for Defendants
National Sales Group, I Life Marketing
LLC, also d/b/a Executive Sales Network
and Certified Sales Jobs, Anthony J.
Newton, and Jeremy S. Cooley

Defendant National Sales Group
by Anthony J. Newton, President

Defendant I Life Marketing LLC
by Anthony J. Newton, Manager

Defendant Jeremy S. Cooley

Defendant Anthony J. Newton

**SO ORDERED,** this 3rd day of March , 2011.

United States District Judge
Northern District of Illinois

30